**FILED**
**Sep 12, 2024**
**12:38 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **AHMED SALIH,** | ) | **Docket Nos. 2023-06-8324** |
| | ) | **2023-06-8394** |
| **Employee,** | ) | |
| **v.** | ) | |
| **EAN HOLDINGS, LLC,** | ) | **State File Nos. 44935-2022** |
| **Employer,** | ) | **9562-2023** |
| **and** | ) | |
| **FARMINGTON CASUALTY CO.,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

At an August 20, 2024 expedited hearing, Mr. Salih requested medical benefits for injuries suffered after slipping and falling onto his left side in two separate work accidents. In one claim, he sought authorization of a direct referral from his treating physician to an orthopedic spine specialist. In the other, he sought a panel of physicians for medical treatment. Because he is likely to prevail on both requests at a final hearing, the Court grants his requested relief.

### Claim History

At his job detailing cars, Mr. Salih slipped and fell twice in a nine-month period, falling both times onto his left side. On May 18, 2022, he slipped on soapy water. On February 1, 2023, he slipped on black ice.

After his first fall, Mr. Salih chose Concentra from a panel. A physician's assistant recommended an EMG and ultimately referred Mr. Salih to a hand specialist. Three months after the fall, Dr. Jeffery Hazlewood performed an EMG and reported "mild left focal median neuropathy at the wrist, consistent with Carpal Tunnel Syndrome" without "any other focal nerve entrapment (ulnar or radial), cervical radiculopathy or brachial plexopathy in the left upper extremity, or generalized polyneuropathy."

1

A month later, EAN Holdings gave Mr. Salih a panel of hand specialists, from which he chose Dr. Todd Rubin. After conservative treatment, Dr. Rubin performed a left carpal tunnel release in March 2023. He placed Mr. Salih at maximum medical improvement in March 2024 and assigned a 2% impairment.

Just weeks before his carpal tunnel surgery, Mr. Salih fell again on March 1, 2023. He testified he was not given a Choice of Physician form; rather, his supervisor drove him to Concentra, where he was receiving treatment from his first fall. The supervisor testified by declaration that he "orally informed" Mr. Salih of his physician choices and that Mr. Salih selected Concentra. Mr. Salih denied this assertion.

Mr. Salih underwent an MRI of his left arm and left elbow that yielded normal results. The physician's assistant released him in April 2023, instructing him to follow up with Dr. Rubin, who was treating his wrist injury from the first fall. However, Mr. Salih could not treat with Dr. Rubin for any new injuries because EAN Holdings had only authorized him to treat the first injury.

On October 27, 2023, Dr. Rubin noted Mr. Salih had complaints of numbness, tingling, and radiating symptoms in his left arm. So he referred him to orthopedic spine specialist Dr. John Burleson. He explained, "Given the clinical exam and the diminished sensation in the hand, I am recommending an evaluation from Ortho Spine [to rule out] impingement or cervical radiculopathy/stenosis." The referral portion of the record read:

> Recommended Provider : Dr. Burleson Hughston Clinic
> Referral Comment : Dedicated ortho-spine surgeon
> Reason for referral : Evaluate and Treat

Roughly two weeks later, the adjuster filed a partial Notice of Denial for the 2022 injury, which read, "The Cervical and Thoracic components of the back are not accepted for this claim. They did not arise out of the course and scope of employment."

In December, Dr. Hazlewood completed a records review for EAN Holdings, in which he stated a spine specialist was unnecessary because of the lack of documented cervical complaints and the lack of evidence of cervical radiculopathy from EMG tests. He wrote, "I do not see that he suffered any cervical injury" before concluding, "I have no problem with an orthopedic spine specialist evaluating him to try to determine why is he [sic] having these symptoms[,] but . . . there is no evidence that he has an objective cervical radiculopathy." He also placed Mr. Salih at maximum medical improvement for his 2022 injury with a 1% impairment.

Seven months later, Mr. Salih submitted to an employer's examination with Dr. Hazlewood. He noted Mr. Salih "has not had a[n] MRI scan or any evaluation of his cervical spine or shoulder" and "never had any evaluation of his thoracic pain." Still, he

reiterated a cervical spine evaluation was unnecessary and unrelated to the first fall, based on the lack of documentation of cervical complaints and no evidence of cervical radiculopathy from the EMG results. He did, however, recommend an MRI of Mr. Salih's left shoulder for a possible rotator cuff tear.

As a result, EAN Holdings authorized a return visit to Concentra just before the expedited hearing to examine Mr. Salih's left shoulder, and they assigned restrictions and ordered an MRI.

## Findings of Fact and Conclusions of Law

Mr. Salih must prove he is likely to prevail at a final hearing on his requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

For his first injury, he seeks authorization of Dr. Rubin's direct referral to Dr. Burleson. For his second injury, he requests a panel of physicians for evaluation and treatment. He also sought attorney's fees in both claims.

### *May 18, 2022 injury*

Treatment recommendations and referrals by an authorized physician, like Dr. Rubin, are presumed medically necessary for treatment of a work injury. Tenn. Code Ann. § 50-6-204(a)(3)(H). Further, when an authorized physician refers an injured worker directly to a specialist physician, like Dr. Rubin's referral to Dr. Burleson, the employer has accepted that referral unless a panel is offered within three business days. *Id.* at -204(a)(3)(A)(ii).

Dr. Rubin's referral is presumed medically necessary, and Dr. Hazlewood's opinion is insufficient here to overcome that presumption. He is a physical medicine, pain management and rehabilitation doctor, not an orthopedic spine specialist. Importantly, Dr. Rubin's referral does not mean he believes Mr. Salih suffered a cervical injury; it means he needs the opinion of an orthopedic spine specialist.

Workers' Compensation Law does not require Mr. Salih to prove he suffered a cervical injury to obtain an evaluation. While "an employer has a right to investigate and deny an employee's claim based on its factual assertion that the alleged work accident did not occur as reported, or as the result of asserting an affirmative defense . . . an employer's assertion that an employee has no medical evidence supporting his or her claim does not, standing alone, excuse it from [its] statutory obligations.. . . ." *Hawes v. McLane Co., Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9-10 (Aug. 25, 2021).

3

EAN Holdings has misstated the relevant issue and misconstrued both its legal obligation and Mr. Salih's burden of proof. Here, like in *Beech v. G4S Secure Solutions (USA), Inc.*:

> The issue is not whether Employee has come forward with sufficient evidence to convince the trial court that the referral was medically necessary or that his alleged psychological injury is causally related to the work incident . . . . [T]he relevant issue is whether Employee came forward with sufficient proof from which the trial court could conclude a panel-selected treating physician made a referral to a specialist.

*Beech v. G4S Secure Solutions (USA), Inc.*, 2020 TN Wrk. Comp. App. Bd. LEXIS 71, at *9-10 (Dec. 16, 2020).

Evidence shows Dr. Rubin referred Mr. Salih directly to Dr. Burleson, and because EAN Holdings did not offer a panel of specialists within three business days, the Court holds Mr. Salih is likely to prevail at a final hearing on his request for an evaluation, and treatment if appropriate, from Dr. Burleson.

Additionally, the Court finds that EAN Holdings ignored its legal obligation under section 50-6-204(a)(3)(A)(ii) when it declined to either accept Dr. Rubin's referral or to offer a panel within three business days. Therefore, the Court refers EAN Holdings to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on its failure to offer treatment as required by Workers' Compensation Law.

*February 1, 2023 injury*

Mr. Salih received some initial treatment from Concentra when his supervisor drove him there after his second fall. However, the records are unclear whether the physician's assistant believed Dr. Rubin would assume care or if he believed Mr. Salih had not suffered any injury from his second fall.

Regardless, Mr. Salih has expressed a need for medical treatment for his second fall—and as Dr. Hazlewood pointed out, Mr. Salih was not fully examined or evaluated after his second fall. He had MRIs of his arm and elbow but not of his shoulder or neck.

When an injured worker expresses a need for medical care, the employer "*shall* provide the applicable panel of physicians or chiropractors to the employee *in writing* on a form prescribed by the bureau . . . ." *Id.* at -204(a)(3)(D)(i) (emphasis added). If the employee does not sign and return the completed form, then the employee's receipt of treatment from any physician [on] the panel . . . shall constitute acceptance of the panel and selection of the physician from whom the employee received treatment . . . ." *Id.* at -204(a)(3)(D)(ii).

4

But that is not what happened here. Rather, Mr. Salih's supervisor testified in his declaration that he only "orally informed" Mr. Salih of his choices and that Mr. Salih selected Concentra. Mr. Salih testified that his supervisor simply drove him to Concentra without asking him to decide on a physician, and he denied choosing it. The Court credits Mr. Salih's testimony.

Yet even if events occurred just as his supervisor alleged, that conversation is not an adequate substitute for the requirement that an employer offer a panel of doctors on a Choice of Physician form.

Further, Mr. Salih received minimal treatment at Concentra. The recent appointment authorized at Dr. Hazlewood's recommendation is the first treatment he received since roughly two months after his injury. Thus, his treatment at Concentra is not at any risk of disruption. The Court holds that EAN Holdings must offer Mr. Salih a panel of physicians on a Choice of Physician forms and schedule an appointment as soon as Mr. Salih makes his selection.

Finally, the Court finds that EAN Holdings ignored its legal obligation under sections 50-6-204(a)(3)(A)(i) and 50-6-204(a)(3)(D)(i) when it declined to offer Mr. Salih a panel of physicians on a Choice of Physician form for evaluation and treatment after his second fall.

Therefore, the Court refers EAN Holdings to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on its failure to offer a panel of physicians under section 50-6-204(a)(3)(A)(i) and to offer it in writing on the requisite form under section 50-6-204(a)(3)(D)(i).

*Attorney's Fees*

As for attorney's fees, the Court will not rule on Mr. Salih's request under section 50-6-226(d)(1) at this time. *See Thompson v. Comcast,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *29 (Jan. 30, 2018) (A decision to award attorney's fees and expenses at an interlocutory stage of a case should be made only in extremely limited circumstances). While the issue is close, the Court finds that the facts here do not fall into the category of those extremely limited circumstances. Mr. Salih may raise this issue at the compensation hearing.

IT IS THEREFORE ORDERED:

1. EAN Holdings shall authorize an evaluation and treatment for Mr. Salih's 2022 injury with Dr. John Burleson.

2. EAN Holdings shall offer Mr. Salih a panel of physicians on a Choice of Physician form for evaluation and treatment of his 2023 injury.

3. The Court refers EAN Holdings to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on its failure to offer a panel as required under sections 50-6-204(a)(3)(A)(i), 50-6-204(a)(3)(D)(i), and 50-6-204(a)(3)(A)(ii).

4. The Court defers ruling on Mr. Salih's request for attorney's fees under section 50-6-226(d)(1).

5. A status hearing is set for **December 2, 2024, at 10:00 a.m. Central Time.** You must call 615-741-2113 or 855-874-0474 to participate.

6. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED September 12, 2024.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

6

## Appendix

Exhibits, 2022 injury:

1) Affidavit of Ahmed Salih
2) Medical records filed by Employer
3) Choice of Physician forms
4) Wage Statement
5) Notice of Partial Denial
6) Medical record certification by Kristi Sandberg


Exhibits, 2023 injury:

1) Affidavit of Ahmed Salih
2) Medical records filed by Employer
3) A Choice of Physician form for May 18, 2022 injury
4) Declaration of Sophie Underwood with attached payment ledger
5) Medical records certification by Kristi Sandberg
6) August 14, 2024 medical record from Concentra
7) Declaration of Aaron Hendrix

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as shown on September 12, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Peter Frech, Employee's Attorney | | | X | pfrech@forthepeople.com |
| Houston Gunn, Chris Rowe Employer's Attorneys | | | X | hmgunn@mijs.com cgrowe@mijs.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

7



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*